IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| JASON GEER, individually and on behalf of all others similarly situated, | : : : |
| Plaintiff, | : Case No: 1:23-cv-01058-RJJ |
| v. | : Hon. Robert J. Jonker |
| TH PLASTICS, INC., a corporation, | : : |
| Defendant. | : : : : |

## ORDER APPROVING FLSA SETTLEMENT

This matter is before the Court on the Plaintiff's Unopposed Motion for Approval of FLSA Settlement ("Approval Motion"). The Approval Motion asks the Court to approve, as fair and reasonable, the proposed settlement that the Parties reached and memorialized in the Settlement Agreement and Release ("Settlement" or "Agreement"), attached to the Unopposed Motion as Exhibit B. The Court thanks counsel for submitting a thorough and careful brief in support of the Motion and in response to the Court's earlier order.

Having reviewed the Approval Motion, the Agreement, the Declaration of Kevin J. Stoops, and the pleadings and papers on file in this action, and for good cause established therein, the Court enters this Order certifying the FLSA Collective and approving the Settlement, including the proposed Service Award, the proposed attorneys' fees and expense reimbursements to Class Counsel, and the settlement administrator fee.

1. The captioned action asserts wage-and-hour claims under the FLSA, 29 U.S.C. § 201, *et seq.*, on behalf of non-exempt employees of TH Plastics, Inc. ("Defendant").

2. On October 6, 2023, Plaintiff Jason Geer filed this action as a collective action under the FLSA. Plaintiff initiated this action on behalf of herself and all other persons similarly situated, seeking damages for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* [ECF No. 1]. In general, Plaintiff alleged that Defendant violated the FLSA by failing to pay Plaintiff and the putative collective members the proper overtime rate when calculating their regular rate of pay in connection with various forms of non-discretionary compensation earned in weeks during which they worked overtime hours.

3. After appearance of Defendant's Counsel and throughout the balance of 2023 and early 2024, the Parties held multiple meet and confer conferences during which they discussed, among other things: the geographic scope of Plaintiff's claims; the viability of Plaintiff's claims; issuance of collective notice; the voluntary exchange of pay and timekeeping data to analyze the potential damages; and the possibility of exploring resolution via direct negotiations or with the assistance of a mediator.

4. Ultimately, the Parties decided to exchange informal discovery (including pay and timekeeping data) to identify the measure of damages related to Plaintiff's claim and to explore resolution. Plaintiff retained an economic expert to analyze the data and to prepare a comprehensive damage analysis.

5. Over the course of several weeks in April and May 2024, the Parties engaged in direct negotiations and ultimately reached a settlement in principal on May, 22, 2024.  Over the next few weeks, the Parties negotiated and finalized the long-form settlement agreement, which is now before the Court for approval.

6. The Settlement will cover the Named Plaintiff, current opt-in Plaintiff, and all of the Eligible Employees who elect to participate in the Settlement by depositing their Individual Settlement Payments. There are 834 Eligible Employees.

7. The Agreement provides that, in consideration of the $72,000 Gross Settlement Amount, the claims of the Named Plaintiff and all of the Eligible Employees who deposit and/or cash their Individual Settlement Payment will be dismissed with prejudice.

8. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Class Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate, and in the best interests of the Named Plaintiff and all of the Eligible Employees. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the Parties' counsel's experience and views.

9. The Court approves the settlement documents attached to the Approval Motion as Exhibit B, and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants final approval of the Settlement as to the Named Plaintiff and all Eligible Employees who elect to participate in the Settlement by depositing their Individual Settlement Payments.

10. The Court approves the Service Award of $2,500 to Named Plaintiff Jason Geer in recognition of her service in this action, and orders that such payment be made in the manner, and subject to the terms and conditions, set forth in the Agreement.

11. The Court approves the payment of attorneys' fees to Sommers Schwartz, P.C. in the amount of $27,987.18.

12. The Court approves reimbursement to Sommers Schwartz, P.C. of its litigation expenses incurred in this matter in the amount of $3,012.49.

13. The Court appoints Atticus Administration, LLC, to serve as settlement administrator and grants it fees in an amount not to exceed $7,400 (to be paid by Defendant in addition to the Gross Settlement Amount).

14. The Court retains jurisdiction over the action to enforce the Settlement, including notice administration and the settlement distribution process, and to later dismiss the case after the settlement payment distribution process has completed.

**SO ORDERED:**

Date: July 30, 2024

/s/ Robert J. Jonker
Honorable Robert J. Jonker
United States District Court Judge